707 So.2d 958 (1998)
Allan SERCHAY, individually and as Trustee and Director of Allan Serchay, C.P.A., P.A., a Florida corporation; A. Serchay Accounting Services, P.A., a Florida corporation; Paul J. Lane, individually and as Trustee and Director of Paul J. Lane, P.A., a Florida corporation, and Coven & Lane, P.A., a Florida corporation, Appellants,
v.
NTS FORT LAUDERDALE OFFICE JOINT VENTURE, a Kentucky general partnership, as general partner of NTS Properties IV, Ltd., a Kentucky limited partnership, Appellee.
No. 96-3887.
District Court of Appeal of Florida, Fourth District.
April 1, 1998.
*959 Paul J. Lane, Coral Springs, for appellants.
Robert R. Edwards of Jennings, Valancy & Edwards, P.A., Fort Lauderdale, for appellee.
STONE, Chief Judge.
We affirm that portion of the final judgment in favor of Appellee/Landlord NTS as to Appellants Paul J. Lane, individually and as trustee and director of Paul J. Lane, P.A., Alan Serchay, individually, and as trustee and director of Alan Serchay, C.P.A., P.A., and A. Serchay Accounting Services, P.A., but reverse as to Appellant Coven & Lane, P.A. The judgment is founded on breach of a written lease.
Lane P.A. (the law firm of Paul Lane) and Serchay P.A. (the accounting firm of Alan Serchay) rented office space from NTS under a 1988 lease. After taking possession, Lane P.A. sublet space to the separate law firm of Coven, P.A. Coven & Lane, P.A. and A. Serchay Accounting Services, P.A. were not parties to the written lease and were formed subsequent to its execution. In 1993, Appellants vacated the leased premises and discontinued paying rent. NTS sued for rent due on the balance of the lease and Appellants raised claims of constructive eviction.
After filing this action, NTS learned that both corporate tenants had been administratively dissolved during the course of the lease for failure to file annual reports and that, subsequently, Paul Lane and attorney David Coven formed Coven & Lane, P.A. (C & L). C & L continued operating a law firm in the leased premises and paid the rent until they vacated. Mr. Serchay continued doing business under the name of his dissolved corporation until he also vacated, at which time he began doing business through a new corporation called A. Serchay, P.A. Serchay and Lane eventually had their former corporations reinstated for the purposes of defending against the NTS lawsuit and for prosecuting several counterclaims.
In its verdict in favor of NTS, the jury entered "no" to the question "were the [Appellants] justified in vacating the premises and failing to pay rent ...," and answered "yes" to the questions, "Is Defendant Coven & Lane, P.A. liable for the debt of Defendant Paul J. Lane, P.A.?" and "Is Defendant A. Serchay Accounting Services, P.A. liable for the debt of Defendant Allan Serchay, C.P.A., P.A.?"
The jury was instructed that C & L could be liable for Lane, P.A.'s debts if any of the following was true:
1. COVEN & LANE, P.A. EXPRESSLY OR IMPLIEDLY ASSUMED THE OBLIGATIONS OF PAUL J. LANE, P.A.,
OR
2. COVEN & LANE, P.A., REPRESENTS AN ACTUAL OR DE FACTO MERGER OF PAUL J. LANE, P.A. *960 WITH DAVID A. COVEN OR DAVID A. COVEN, P.A.
* * * * * *
OR
3. COVEN & LANE, P.A. IS A MERE CONTINUATION OF THE BUSINESS OF PAUL J. LANE, P.A.
* * * * * *
OR
4. THE DISSOLUTION OF PAUL J. LANE, P.A. AND THE FORMATION OF COVEN & LANE, P.A. WAS A FRAUDULENT EFFORT TO AVOID THE LIABILITIES OF PAUL J. LANE, P.A.
These instructions were adapted from case law regarding imposing liability on a successor corporation. See Bernard v. Kee Mfg. Co., 409 So.2d 1047, 1049 (Fla.1982); Amjad Munim, M.D., P.A. v. Azar, 648 So.2d 145 (Fla. 4th DCA 1994).
We reverse as to C & L because NTS failed to present sufficient evidence to support a finding against C & L on any of these grounds. The evidence reflects that Paul J. Lane, P.A. was dissolved in 1991, and that C & L was formed shortly thereafter. C & L continued doing business in the same office as Lane, P.A., using some of the same office equipment, and some of the same office personnel, and made payments to and demands on NTS under the lease agreement long after Lane, P.A. ceased to exist.
A de facto merger has been found where one corporation is absorbed by another, but without compliance with statutory requirements for a merger:
To find a de facto merger there must be a continuity of the selling corporation evidenced by the same management, personnel, assets and physical location; a continuity of the stockholders, accomplished by paying for the acquired corporation with shares of stock; a dissolution of the selling corporation; and assumption of the liabilities.
Munim, 648 So.2d at 153-54.
In Munim, this court also explained the concept of continuation of business, which "arises where the successor corporation is merely a continuation or reincarnation of the predecessor corporation under a different name.... The key element of a continuation is a common identity of the officers, directors and stockholders in the selling and purchasing corporation." Id. at 154.
With regard to claims on theories of either de facto merger or successor entity liability, there is no evidence that Coven or Coven, P.A. had any relationship with Lane, other than as a sub-tenant, until the subsequent formation of C & L. Although Lane was an officer and shareholder of both Lane P.A. and C & L., Coven was an officer and shareholder only of the subsequently formed C & L. There is also no evidence that C & L acquired the assets and liabilities of Lane, notwithstanding that it did use some of the Lane equipment, used the Lane space, and took on former Lane employees. We also note that the Lane dissolution, well after formation of C & L, was involuntary. There is also no evidence indicating Coven's participation, directly or indirectly, in the initial leasing. There is no issue in this case with respect to C & L's payment of all past due rent. Appellees cite to no authority imposing liability for additional damages resulting from a breach by a subsequently formed separate entity under these circumstances.
As to Serchay, there is sufficient proof to support liability on a theory of successor liability, as in this case the successor entity is a clear continuation of the dissolved company, with the same assets, management, personnel, stockholders, location, equipment, and clients.
We find no reversible error or abuse of discretion as to the other issues raised. Therefore, as to Coven & Lane, P.A., the judgment is reversed with instruction to enter judgment in its favor. As to the remaining appellants, the judgment is affirmed.
GUNTHER and SHAHOOD, JJ., concur.